#25799-a-LSW

2012 S.D. 23

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

SIMON P. TORRES,                          Defendant and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE  SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE THOMAS L. TRIMBLE
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff and
                                          appellee State of South Dakota.


KEVIN S. LEWIS
Rapid City, South Dakota                  Attorney for defendant and
                                          appellant.




* * * *

ARGUED FEBRUARY 14, 2012

OPINION FILED 03/28/12

#25799

WILBUR, Justice

[¶1.]    Simon Torres appeals his conviction of attempted murder and commission of a felony with a firearm. Torres argues that the trial court (1) abused its discretion in admitting a video of the shooting and photographs of the gunshot wounds inflicted on the victim and (2) violated his due process rights by failing to advise him that he would receive mandatory consecutive sentences if convicted of both attempted murder and commission of a felony with a firearm. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.]    Shane Bordeaux was shot several times while waiting to enter the Lakota Nation Invitational basketball tournament at the Rushmore Plaza Civic Center in Rapid City, South Dakota. As a result of the gunshot wounds, Bordeaux required extensive medical treatment to save his life.

[¶3.]    Shortly before the shooting occurred, A.F., a minor who was also outside the Civic Center, sensed a fight brewing and began recording a video of the scene using his cell phone. A.F. incidentally captured the shooting and later turned his cell phone containing the video over to police. Despite the State's efforts to digitally enhance the video, the video remained pixilated and individual faces could not be identified in the video. However, the State used the video several times at trial in questioning witnesses to, according to the State, "assist the jury's understanding of the shooting."

[¶4.]    To identify Torres as the shooter, the State proffered separate evidence. Specifically, the State called two witnesses who testified that they saw Torres shoot Bordeaux firsthand. Additionally, a third witness testified that Torres

admitted to her that he shot Bordeaux. To show the jury the extent of Bordeaux's injuries, the State, in addition to other evidence, submitted photographs of Bordeaux's wounds taken at the hospital. The jury determined Torres fired the shots and convicted him of attempted murder and commission of a felony with a firearm.

[¶5.] The trial court ordered Torres to serve two consecutive 25-year sentences for the crimes. The trial court ordered the consecutive sentences pursuant to SDCL 22-14-12, which provides that any person convicted of a felony while armed with a firearm is guilty of an additional Class 2 felony. The statute also provides that the sentence for the additional felony "shall be [served] consecutive to any other sentences imposed for a violation of the principal felony." Torres appeals.

## ANALYSIS AND DECISION

[¶6.]      1.    **Whether the trial court abused its discretion in denying Torres's motion in limine to exclude a cell phone video of the shooting and photographs of Bordeaux's gunshot wounds.**

[¶7.] Torres argues that the trial court abused its discretion in denying his motion in limine to exclude two pieces of evidence: (1) a version of the cell phone video of the shooting that contained superimposed identifiers labeling individuals in the video as "Shooting Victim," "Shooter," and "Shooter hidden behind third person"; and (2) photographs of Bordeaux's wounds. We review a trial court's decision regarding the exclusion of evidence under an abuse of discretion standard. *Estate of Holznagel v. Cutsinger*, 2011 S.D. 89, ¶ 6, 808 N.W.2d 103, 105.

[¶8.]	According to Torres, the trial court abused its discretion by admitting the video because the addition of the labels transformed the video from evidence to opinion by manipulating the video to fit the State's theory of the case. However, as the State points out, the generic identifiers used by the State in no way insinuated that Torres was the shooter. Rather, the identifiers simply made it easier for the jury to follow the short and pixilated video. Moreover, Torres had the opportunity to cross-examine and impeach the testimony of all witnesses that used the video, leaving the jury with the ultimate decision as to whether Torres was the shooter. Thus, we reject Torres's contention that the admission of the video was an abuse of discretion.

[¶9.]	Torres also argues that the trial court abused its discretion by permitting the jury to view photographs of Bordeaux's gunshot wounds taken at the hospital. According to Torres, the trial court should have excluded the evidence pursuant to SDCL 19-12-3 (Rule 403)* because the probative value of the photographs was outweighed by their prejudicial effect.

[¶10.]	In denying Torres's motion in limine to exclude the photographs, the trial court reasoned:

> Anything like this is prejudicial to some degree. It's a matter of the State's burden of proof to show exactly what happened. And for the jury to understand not only the fact that he was shot, where he was shot, and the wounds and such things . . . are all beneficial to the jury.

---

*	SDCL 19-12-3 (Rule 403) provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[¶11.]    We agree. This Court has previously noted that "[p]hotographs relevant to a material issue" are not unfairly prejudicial "merely because they incidentally tend to arouse passion or prejudice." *State v. Herrmann*, 2004 S.D. 53, ¶ 13, 679 N.W.2d 503, 508 (citation omitted). Several witnesses used the photographs to describe the injuries Bordeaux sustained from the gunshots. For example, Bordeaux's attending doctor used the photographs to help explain to the jury the extent, location, and critical nature of Bordeaux's injuries. Thus, although the graphic nature of the photographs may have had a tendency to "arouse passion or prejudice," Torres has not established that the prejudice is unfair. Moreover, Torres has not shown an abuse of discretion in the trial court's determination that the photographs probative value outweighed this potential prejudice.

[¶12.]    **2.      Whether the trial court violated Torres's due process rights.**

[¶13.]    Torres's final argument is that the trial court violated his due process rights during arraignment by failing to inform Torres that, pursuant to SDCL 22-14-12, Torres would receive mandatory consecutive sentences if the jury convicted him of both attempted murder and commission of a felony with a firearm. Torres concedes we would be the first court to hold that due process requires this advisement.

[¶14.]    In addition to Torres's lack of supporting authority, we have previously held in a similar situation involving a mandatory minimum sentence, that a "defendant [is] not entitled by statute or by the Due Process Clause of the Constitution to an advisement of the mandatory minimum upon a plea of not guilty

-4-

. . . ." *State v. Miller*, 2006 S.D. 54, ¶ 28, 717 N.W.2d 614, 623. Thus, we reject Torres's argument that the trial court violated his due process rights.

## CONCLUSION

[¶15.]     Because the trial court did not abuse its discretion in admitting the video and photographs, nor did it violate Torres's due process rights, we affirm.

[¶16.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.